**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES     OCT 2 2 2003

FOR THE DISTRICT OF SOUTH CAROLINA     LARRY W. PROPES. CLERK
CHARLESTON. SC

GREENVILLE DIVISION

| | | |
|---|---|---|
| DAVID C. HEUPEL, | ) | Civil Action No.: 6:03-1358–22AK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF LAW IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTION FOR** |
| CHARLESTON COUNTY | ) | **SUMMARY JUDGMENT** |
| DETENTION CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant, Charleston County Detention Center ("CCDC"), respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.04 of the Local Rules.

## STATEMENT OF THE CASE

The Plaintiff, David C. Heupel, is an inmate confined at the Charleston County Detention Center. He is a pro se litigant and initiated the action by filing a summons and complaint on May 29, 2003. This Court characterized the lawsuit as a 42 U.S.C. § 1983 civil rights complaint. [Order of May 28, 2003]. The CCDC filed its answer on July 17, 2003.

Plaintiff Heupel alleges that his constitutional rights were violated because the CCDC has failed to provide him with sufficient portions of food, and gouges inmates on prices for food and other items in the canteen. He also complains about the alleged high cost of local telephone calls. The undisputed facts are that Heupel has never been denied sufficient meals portions or forced to purchase items from the canteen because of insufficient

-1-

portions. The food at the CCDC is nutritious and sufficient, and the CCDC has not engaged in price gouging. The CCDC is not responsible for the prices set for commissary items. The County of Charleston awarded the canteen services contract to Swanson Service Corporation ("Swanson"). Swanson provides a menu listing of items that are available to be purchased by inmates and its includes various items, such as snack foods, personal hygiene items, writing materials and magazines. The CCDC does not regulate the cost of the local phone service.

## ARGUMENT

The CCDC seeks an order from this Court granting summary judgment in its favor on the Plaintiff's cause of action because there exists no genuine issues of material fact alleged by the Plaintiff. Rule 56(c), Federal Rules of Civil Procedure, provides that a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CCDC contends the pleadings with the attachments submitted by the Plaintiff fail to show that there is a genuine issue as to any material fact, and therefore CCDC is entitled to summary judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 9 (1986). The entry of summary judgment is appropriate where the Court finds there are no genuine issues of material fact and the

moving party is entitled to summary judgment as a matter of law. F.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-326, 106 S.Ct. 2548, 2552-2554 (1986). Whether a 'fact' is material is determined by the controlling substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). A complete failure of proof concerning an essential element of Plaintiff's cause of action necessarily renders all other facts immaterial. <u>Celotex</u>, 447 U.S. at 322-23.

The Plaintiff must present admissible evidence which raises a material and genuine factual dispute. "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson</u>, 477 U.S. at 252.

The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the pleadings, discovery papers and affidavits, if any, which demonstrate the absence of material fact. <u>Celotex</u>, 477 U.S. at 323. The burden then shifts to the non-moving party to present affirmative evidence "from which a jury might return a verdict in his or her favor." <u>Anderson,</u> 477 U.S. at 248. In making the determination, the Court's function is not to assess the truth of the matter upon its own weighing of the evidence but to determine whether there is a genuine issue for trial. <u>Id</u>., 477 U.S. at 249.

## A. PLAINTIFF HAS NOT STATED A CLAIM OF CONSTITUTIONAL MAGNITUDE WHICH ENTITLES THE CCDC TO SUMMARY JUDGMENT ON ALL CAUSES OF ACTION

In order to state a claim under 42. U. S. C. §1983, the Plaintiff must have sustained deprivation of a right, privilege or immunity secured by the Constitution or federal law at the

hands of the Defendant. <u>Inmates v. Owens</u>, 561 F.2d 560 (4th Cir. 1977). In this case, the Plaintiff has not demonstrated the deprivation of any right, privilege or immunity secured by the Constitution or Federal law. Therefore, the CCDC is entitled to summary judgment.

The Plaintiff alleges that CCDC does not provide sufficient food portions to him forcing him to purchase items of food form the canteen. He alleges CCDC gouges the inmates on its canteen prices, and that the cost of telephone call is too much. The Plaintiff fails to allege the violation of any right of the Plaintiff that is of constitutional magnitude, as the Plaintiff does not have a protected right in access to snack foods and other services in the canteen of the CCDC. The Plaintiff has no factual basis to substantiate his claim and sets forth no facts which reflect a true deprivation of any constitutional right. Therefore no genuine issues of material fact exists.

42 U.S.C. §1983 does not provide an independent basis for relief to the plaintiff. The United States Supreme Court in <u>Graham v. Connor</u>, 109 S.Ct. 1865 (1089), stated: "As we have said many times, § 1983 is not itself a source of substantive rights, but merely provides a method of vindicating rights elsewhere conferred." <u>Graham</u> at 1870, citing <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979).

## B.     THE CCDC IS NOT THE PROPER DEFENDANT

The Plaintiff has not sued the proper defendant. The CCDC is a building, facility, and grounds and is not an entity or "person" subject to suit under 42 U.S.C. §1983. See, <u>Allison v. California Adult Authority</u>, 419 F.2d 822, 823 (9th Cir. 1969). "Claims under 1983 are directed at persons and the jail is not a person amenable to suit." <u>Wright v. El Paso County Jail</u>, 642 F.2d 134, 136 n.3 (5th Cir. 1981). Therefore, CCDC should be dismissed from the

lawsuit, or in the alternative, granted summary judgment for Plaintiff's failure to state a claim upon which relief can be granted.

## C.     RULE 12 (b)(6)

The CCDC contends that Plaintiff's complaint has failed to state a cause of action for which relief can be granted, and therefore it should be dismissed. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. <u>Mylan Laboratories, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted). Even viewing the complaint in a light most favorable to the Plaintiff, the allegations of the Plaintiff do not give rise to a cause of action against CCDC for violation of any constitutional rights.

The CCDC further contends that the complaint filed by the Plaintiff fails to show that there is a genuine issue as to any material fact, and therefore CCDC is entitled to summary judgment as a matter of law.

### SUMMARY

For all of the foregoing reasons, the Defendant CCDC contends there are no genuine issues of material fact and respectfully requests that this Honorable Court grant its motion for summary judgment; dismiss the complaint of the Plaintiff with prejudice; award the CCDC its costs and reasonable attorney's fees incurred in the defense thereof; deem this action a strike for the purposes of 28 U.S.C. §1915(g); and grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

**CHARLESTON COUNTY DETENTION CENTER**

**JOSEPH DAWSON, III,** County Attorney
Federal Id. # 7028
**BERNARD E. FERRARA, JR.,** Deputy County Attorney
Federal Id. #796
Charleston County Attorney's Office
Lonnie Hamilton, III Public Services Building
4045 Bridge View Drive
North Charleston, South Carolina 29405
(843) 958-4010

**ATTORNEYS FOR THE DEFENDANT**

October 22, 2003
Charleston, South Carolina